UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEEWARD CONSTRUCTION, INC.,
        Plaintiff,

                              05 Civ. 8384 (SCR)

v.                                 MEMORANDUM DECISION
                                      AND ORDER

SULLIVAN WEST CENTRAL SCHOOL
DISTRICT,
        Defendant.

---

**Stephen C. Robinson, United States District Judge:**

      Leeward Construction, Inc. ("Plaintiff") brought this case against Sullivan West Central School District ("Defendant") to recover damages arising out of a construction project to build a new high school. Plaintiff brought a claim for breach of contract and a *quantum meruit* claim. Defendant now moves to dismiss Plaintiff's complaint. For the reasons set forth below, Defendant's motion is denied.

## I. Background

      Because Plaintiff's claims are before this Court on a motion to dismiss, we will accept all factual allegations in the complaint as true.

      On or about June 19, 2001, Plaintiff and Defendant entered into a written contract. Plaintiff agreed to provide Defendant with certain construction work, labor, and materials towards the construction of a new high school for Defendant. Defendant agreed to pay Plaintiff $4,158,035, subject to any additions and deductions specified by change orders.

      Plaintiff performed its work in accordance with the terms of the contract. Defendant, however, breached the contract by, *inter alia*, delaying, obstructing, and interfering with Plaintiff's work, including failing to obtain necessary permits. As a result of Defendant's breach, Plaintiff was damaged in the amount of $1,391,694.06.

      On or about April 19, 2004, Plaintiff submitted a claim to Defendant for additional costs as a result of delays caused by Defendant. On or about August 25, 2004, Defendant terminated the contract for its convenience. Thereafter, the parties engaged in negotiations in an attempt to determine the amounts due to Plaintiff. The negotiations, however, did not result in any resolution of the dispute. "To date, [Defendant] has neither rejected [Plaintiff's] claim nor agreed to pay any part thereof." (Compl. ¶ 15.)

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

On or about August 18, 2005, Plaintiff served a written notice of claim on Defendant. On September 30, 2005, Plaintiff filed its complaint in this Court.

## II. Discussion
### A. Standard of Review

In evaluating a motion to dismiss, a court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993)) (citation omitted). In doing so, a court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The court's consideration is limited to the factual allegations in the plaintiff's complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, matters of which judicial notice may be taken, and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

A court must deny a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Because the complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir. 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. New York's Education Law

Defendant argues that Plaintiff's claims must be dismissed because it did not properly file a notice of claim within three months of the accrual of its claims nor it did file its complaint within one year of when its cause of action arose, as required by New York's Education Law. According to Defendant, Plaintiff needed to file its notice of claim three months after August 25, 2004, the date Defendant unilaterally terminated the contract, if not three months after April 19, 2004, the date Plaintiff submitted a claim to Defendant for additional costs. Defendant also asserts that Plaintiff needed to commence its case before this Court by August 25, 2005, one year after Defendant terminated the contract between the parties, if not April 19, 2005, one year after Plaintiff submitted a claim to Defendant for additional costs.

In response, Plaintiff argues that the statute of limitations has not begun because Defendant never formally or constructively rejected Plaintiff's claim. Plaintiff asserts that the time period for a notice of claim begins to run at the same time the statute of limitations begins, which is the date when a plaintiff's claim is expressly or constructively rejected.

Under New York's Education Law Section 3813(1), a plaintiff must file a notice of claim within three months after the accrual of his or her claim. N.Y. Educ. Law § 3813(1) (2006). When, as here, the action is "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied." *Id.* Additionally, there is a one year statute of limitations for any action brought against a school district or board of education. § 3813(2-b). A plaintiff must commence an action within one year "after the cause of action arose." *Id.*

Contrary to Plaintiff's assertion, the date a plaintiff's claim accrues and the date his or her cause of action arises may be different. *See, e.g., Albany Specialties, Inc. v. Shenendehowa Central School Dist.*, 307 A.D.2d 514, 516 (N.Y. App. Div. 2003) ("[W]e have consistently recognized that a claim under Education Law § 3813(1) may accrue at a different time than a breach of contract action may accrue."); *Henry Boeckmann, Jr. & Associates, Inc. v. Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 A.D.2d 773, 775-76 (N.Y. App. Div. 1994) ("Education Law § 3813 (1) provides in part that if a claim is 'for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied.' A claim under Education Law § 3813 (1) is deemed to accrue when damages become ascertainable. In contrast, a cause of action accrues and the statute of limitations begins to run in contract actions from the time of the breach, which occurs when the plaintiff possesses a legal right to demand payment." (citations omitted)); *Pope v. Hempstead Union Free School Dist. Bd. of Educ.*, 194 A.D.2d 654, 655 (N.Y. App. Div. 1993) ("A claim accrues for purposes of Education Law § 3813 when it matures and damages become ascertainable, and it is well established that the term 'claim accrued' is not necessarily equatable with the term 'cause of action accrued.'" (citations omitted)).

*1. Statute of Limitations – Date Plaintiff's Cause of Action Arose*

This Court will first address Defendant's argument that the statute of limitations on Plaintiff's claim has expired.

Plaintiff asserts that its cause of action has not arisen and the statute of limitations has not elapsed because Defendant has not expressly or constructively rejected Plaintiff's claim. Defendant, however, asserts that Plaintiff needed to commence its case by August 25, 2005, one year after Defendant terminated the contract between the parties, if not April 19, 2005, one year after Plaintiff submitted a claim to Defendant for additional costs.

3

In contract actions, a cause of action arises and the statute of limitations begins to run "from the time of the breach, which occurs when the plaintiff possesses a legal right to demand payment." *Albany Specialties, Inc.*, 307 A.D.2d at 515; *see also Prote Contracting Co., Inc. v. Board of Educ. of City of New York*, 198 A.D.2d 418, 420 (N.Y. App. Div. 1993) ("As a general rule in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach. Such a breach may be said to occur and the cause of action to accrue when the plaintiff possesses a legal right to demand payment."). A court must often engage in a fact-intensive inquiry to determine when the statute of limitations began to run.[1] *See, e.g., Kingsley Arms, Inc. v. Copake-Taconic Hills Cent. School Dist.*, 9 A.D.3d 696, 698 (N.Y. App. Div. 2004) (finding that the statute of limitations began to run when the plaintiff requested and was refused a certificate of substantial completion and was told that it would "not be paid the balance of the money owed on the project"); *Albany Specialties, Inc.*, 307 A.D.2d at 515 (finding that cause of action concerning a dispute over payments that arose in 1995 did not arise "until final payment had been demanded and refused" in 1999 where the plaintiff continued to perform under the contract and the defendant did not rescind the contract).

As explained in the following paragraphs, at this stage of the proceedings, there are not enough facts to determine when Plaintiff possessed a legal right to demand payment.

Defendant did not breach the contract simply by terminating the contract "for its own convenience" on August 25, 2004. (Compl. ¶ 14.) *See, e.g., American Food & Vending Corp. v. International Business Machines Corp.*, 245 A.D.2d 1089, 1090 (N.Y. App. Div. 1997); *A.J. Temple Marble & Tile, Inc. v. Long Island R.R.*, 256 A.D.2d 526, 527 (N.Y. App. Div. 1998). Accordingly, some other event must constitute the breach that started the statute of limitations to run.

This Court, however, does not have enough information to determine when Plaintiff's cause of action arose. The contract provided that, upon termination for convenience, Plaintiff would be entitled to "an equitable portion of [Plaintiff's] fee based on the portion of the Work completed before the effective date of termination and for any other reasonable costs attributable to such termination." (Contract Ex. A ¶14.4.2.) Such payments are "predicated on its performance . . . in accordance with the Contract Documents as certified by the Architect and Construction Manager." (Contract Ex. A ¶14.4.2.) This provision does not indicate when the equitable portion of Plaintiff's fee and reasonable costs would be computed. Further, the complaint is silent on whether the architect and construction manager certified Plaintiff's work. The parties, however, engaged in negotiations after Defendant terminated the contract. According to Plaintiff, the purpose of these negotiations was to determine the amounts due to Plaintiff. Taking

---

[1] For example, one of the ways New York courts have found that breach of contract has occurred is when a plaintiff's claim has been expressly or constructively rejected. *See, e.g., Henry Boeckmann, Jr. & Associates, Inc.*, 207 A.D.2d at 775 ("A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the 'party seeking payment should have viewed his claim as having been constructively rejected.'" (quoting *Helmer-Cronin Constr. v Beacon Community Dev. Agency*, 156 A.D.2d 543, 544 (N.Y. App. Div. 1989))); *D.J.H. Mechanical Associates, Ltd. v. Mahopac Cent. School Dist.*, 21 A.D.3d 521, 521 (N.Y. App. Div. 2005).

4

the facts and inferences in the light most favorable to Plaintiff, the occurrence of the negotiations suggest that Plaintiff's fee and costs would be computed sometime after Defendant terminated the contract. It is not until those fees are determined that Plaintiff would be in a position to demand payment. The fees were the subject of negotiations between the parties. This Court is not aware of the date when these negotiations broke down. Accordingly, Defendant's motion to dismiss on the statute of limitations ground is denied.

## 2. Notice of Claim – Date Plaintiff's Claim Accrued

Plaintiff asserts that its claim has not accrued because Defendant has not expressly or constructively rejected Plaintiff's claim. In contrast, Defendant asserts that while a contract claim can be deemed to accrue upon the rejection of a demand for payment, the termination of the contract is an outside date for accrual of Plaintiff's claim.

Under Section 3813(1), if a claim is "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied."[2] § 3813(1); *see also C.S.A. Contracting Corp. v. New York City School Const. Authority*, 5 N.Y.3d 189, 193, 833 N.E.2d 266, 269 (N.Y. 2005) ("In 1992, the Legislature amended Education Law § 3813(1) to provide: "In the case of an action or special proceeding for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied." Thus, instead of using the date that damages are ascertainable . . . , the three-month notice of claim time period is not triggered until the board of education denies payment." (citation omitted)). As with the statute of limitations inquiry, a court often must closely examine the facts to determine when a claim accrued. *See, e.g., Lenz Hardware, Inc. v. Board of Educ.*, 24 A.D.3d 1278, 1279 (N.Y. App. Div. 2005) (finding that the claim accrued when the architect refused to pay and advised the plaintiff that it would not discuss the plaintiff's claims any further); *Piazza Brothers, Inc. v. Board of Educ. of Mahopac Cent. School Dist.*, --- N.Y.S.2d ---, 2006 WL 1303138, at *1 (N.Y. App. Div. May 9, 2006) (finding that the claim accrued when the defendant advised the plaintiff that mediation would no longer be useful).

Contrary to Defendant's assertion, this Court could not find one case that held that the termination of a contract is an outside date for accrual of a claim. At least one New York court has found that a claim accrued when the defendant terminated a contract for the plaintiff's deficiencies in its work because when the defendant terminated the contract "it became clear that payment would be denied." *SBR Roofing, Inc. v. Richfield Springs Cent. School Dist.*, 303 A.D.2d 886, 887-88 (N.Y. App. Div. 2003). However, in a case that pre-dates the 1992 amendments, another court found that the claim did not accrue when the defendant terminated the contract because the defendant indicated that the plaintiff would have to be paid for the work already performed. *Leith Const. Co., Inc. v. Bd. of Ed.*, 75 A.D.2d 615, 616 (N.Y. App. Div. 1980). Rather, the claim would not

---

[2] Despite this language, many New York courts still hold that a claim under Section 3813(1) accrues when damages are ascertainable. *See, e.g., Albany Specialties, Inc.*, 307 A.D.2d at 516.

accrue until the defendant informed the plaintiff of the amount it intended to pay. *Id.* What these cases demonstrate is that the particularities of each factual situation control the determination of when payment is denied, and, therefore, when a claim accrues.

Here, given the facts in Plaintiff's complaint, it did not become clear that payment would be denied when Defendant terminated the contract for its convenience. As discussed above, the contract provided that, upon termination for convenience, Plaintiff was entitled to "an equitable portion of [Plaintiff's] fee based on the portion of the Work completed before the effective date of termination and for any other reasonable costs attributable to such termination." (Contract Ex. A ¶14.4.2.) It is unclear how or when that fee would be calculated. Accordingly, at this stage of the proceedings, this Court cannot determine with certainty when, if ever, Defendant denied Plaintiff's claim. Defendant's motion to dismiss with respect to Plaintiff's notice of claim is denied.

### C. *Quantum Meruit*

Defendant argues that Plaintiff cannot state a claim using a *quantum meruit* theory because such a claim cannot be asserted when Plaintiff pleads the existence of an express agreement that covers the subject matter of its *quantum meruit* claim. Plaintiff argues that its *quantum meruit* claim should be allowed to proceed as a permissible alternative pleading.

"Under New York law, [t]he existence of a valid and enforceable written contract governing a particular subject . . . precludes recovery in quasi-contract, which includes both quantum meruit and unjust enrichment theories." *Kimball Associates, P.A. v. Homer Cent. School Dist.*, No. 00-897, 2000 WL 1720751, at *8 (N.D.N.Y. Nov. 9, 2000) (citing *Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 610 (2d Cir. 1996)). However, "[b]oth Fed. R. Civ. P. 8(e)(2) and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi contract." *Seiden Associates, Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39-40 (S.D.N.Y. 1991) (citations omitted) (finding that on a motion to dismiss, the dismissal of the plaintiff's alternative theories . . . would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide 'latitude' in framing their right to recover").

Because Defendant has not yet answered, this Court will permit Plaintiff to proceed on its *quantum meruit* claim. At this stage, this Court does not know whether Defendant will challenge the terms or existence of the contract. If Defendant does not do so, Defendant may raise this issue again during summary judgment.

6

## III. Conclusion

For the reasons set forth above, Defendants' motion is denied.

*It is so ordered.*

Dated: White Plains, New York
       June 20, 2006

Stephen C. Robinson, U.S.D.J.