UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
LEEWARD CONSTRUCTION, INC.,

                        Plaintiff,

          - against -

SULLIVAN WEST CENTRAL SCHOOL DISTRICT,

                        Defendant.
----------------------------------------------------------------------x
SULLIVAN WEST CENTRAL SCHOOL DISTRICT,

                        Third-Party Plaintiff,

          - against -

TURNER CONTSTRUCTION COMPANY and THE
HILLIER GROUP ARCHITECTURE, NEW YORK,
P.C.,

                        Third-Party Defendants.
----------------------------------------------------------------------x

05-CV-8384 (CS) (LMS)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lisa Margaret Smith, dated March 10, 2010. (Doc. 95.) Third-Party Plaintiff Sullivan West Central School District ("SWCSD") filed Objections to the R&R on March 29, 2010, (Doc. 96 ("Objections")), and Third-Party Defendant Hillier Group Architecture, New York, P.C. ("Hillier") responded thereto on April 12, 2010, (Doc. 98 ("Response")). The parties' familiarity with prior proceedings and the issues in this case is presumed.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

-1-

judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).

      Judge Smith's comprehensive R&R dealt with many issues:

1.     SWCSD's motion for summary judgment regarding:

    a.     Hillier's liability for failure to delineate federally regulated wetlands in site drawings;

    b.     Hillier's liability for defects in:

        1.     stormwater management plans; and

        2.     erosion and sediment ("E&S") control plans;

    c.     Hillier's counterclaims for $300,000 in additional fees for redesign of the high school and value engineering after the "bid bust"; and

2.     Hillier's motion for summary judgment regarding:

      a.       SWCSD's failure to mitigate damages;

      b.       SWCSD's claim for additional costs for change orders resulting from defective design;

      c.       SWCSD's derivative claim to the extent it is based on an alleged liquidating agreement; and

      d.       SWCSD's derivative claim to the extent it is based on common-law indemnification.

SWCSD has objected to the R&R only insofar as it: 1) denied SWCSD's motion for summary judgment against Hillier for defects in E&S control plans; and 2) dismissed SWCSD's derivative claim to the extent it is based on an alleged liquidating agreement.

With respect to the R&R's other recommendations, to which no objection has been lodged, I have reviewed them for clear error and, finding none, adopt them as the decision of the Court.

With respect to SWCSD's motion for summary judgment against Hillier for defects in E&S control plans, I concur with Judge Smith, having reviewed the matter *de novo*, that fact issues remain as to whether Hillier prepared defective plans or whether the plans were adequate but were defectively implemented by Leeward Construction, Inc. ("Leeward"), the site preparation contractor with whom SWCSD has since settled.  The undisputed facts to which SWCSD points, *see* Objections at 3–4, suggest that Leeward expressed concerns about the E&S controls and that state regulators observed deficiencies, but do not conclusively establish who was responsible for those deficiencies.

SWCSD argues that Hillier would be responsible either way—whether the fault lay in Hillier's plans or in Leeward's implementation thereof—because Section 2.6.9.1 of the contract between SWCSD and Hillier obliges Hillier to review the progress of the contractor's work and ensure that the quality of that work is in accordance with the contract documents.  (*See* Doc.62 Ex. 6.)  Judge Smith rejected this argument because SWCSD provided no evidence regarding whether Hillier in fact made site visits to inspect Leeward's work.  (*See* R&R at 16.)  SWCSD argues that such evidence is irrelevant, because whether or not Hillier in fact made site visits, it obviously failed to catch that the E&S controls, even if properly designed, were not properly implemented.  In other words, SWCSD argues, Hillier either failed to make the visits or negligently conducted the visits, but in either event it should be responsible for any failure in Leeward's implementation of the E&S control plans.  (*See* Objections at 3.)  Hillier points out that Section 2.6.9.2 of the same contract makes clear that Hillier had no duty to exhaustively or continuously check the quality or quantity of the contractor's work or to review construction methods, techniques, or procedures.  (*See* Response ¶¶ 4–6.)

Having reviewed the matter *de novo*, I find that, if Leeward in fact negligently implemented an adequate E&S control plan, factual questions remain as to whether its negligent implementation of that plan was of the sort within Hillier's responsibility to detect under Section 2.6.9.1, or whether it was of the sort that Hillier had no responsibility to detect under Section 2.6.9.2.  For example, assuming that the problem was Leeward's implementation and not Hillier's design, the facts may reveal that Leeward did the work in obvious violation of the contract documents, such that Hillier would be responsible for failing to spot the problem in generally reviewing the progress of the work, or that Leeward made an obscure error or chose a

-4-

construction technique that led to the problem but which Hillier could not have been expected to discover as part of its general supervisory duty. *See generally Diocese of Rochester v. R-Monde Contractors, Inc.*, 562 N.Y.S.2d 593 (Sup. Ct. 1989), *aff'd*, 166 A.D.2d 891 (4th Dep't 1990). Accordingly, I conclude that summary judgment on this claim must be denied.

With respect to SWCSD's derivative claim, Judge Smith recommended that summary judgment be granted to the extent the claim purported to be based on an alleged liquidating agreement, but denied to the extent it was based on common-law indemnification principles, because fact issues remain as to whether SWCSD or Hillier was responsible for the damages to Leeward from the failure to properly deal with the wetlands, stormwater, and E&S control design issues. Judge Smith found that the settlement agreement ("SA") between Leeward and SWCSD, (Doc. 76 Ex. N), is not a liquidating agreement, because it lacked an admission of liability to Leeward on SWCSD's part and because it contained Leeward's unconditional release of SWCSD, rather than language providing that Leeward's release of SWCSD was conditioned on SWCSD's prosecution of Leeward's claims and agreement to pass through to Leeward any damages SWCSD recovered from Hillier based on Leeward's claims. I agree with Judge Smith that the SA is not a liquidating agreement, although perhaps for different or additional reasons. The SA contains no provision that SWCSD will pay Leeward whatever amount SWCSD recovers from Hillier on behalf of Leeward. Rather, it provides that SWCSD will pay Leeward a certain amount, plus an additional amount if SWCSD recovers on *any* of its claims against Hillier, not necessarily on a claim SWCSD is pressing on Leeward's behalf. It accordingly does not meet the requirements for a liquidating agreement. *See generally Menorah Home & Hosp. v. Fireman's Fund Ins. Co.*, No. 04-3172, 2007 WL 1109079, at *2 (E.D.N.Y. Apr. 13, 2007). In

any event, SWCSD expressly disclaims that its derivative claim is based on a liquidating agreement, and it characterizes as the knocking down of a straw man Judge Smith's finding that the derivative claim cannot be pursued on such a theory. (Objections at 6.) I can see no harm from the dismissal of a theory that SWCSD says it is not pursuing, and such a ruling will clarify the claims going forward. Accordingly, having reviewed the matter *de novo*, I adopt as my decision Judge Smith's conclusion that the derivative claim should be dismissed to the extent it is based on a purported liquidating agreement.[1]

In light of the foregoing, SWCSD's motion summary judgment is DENIED as to Hillier's liability for failure to delineate federally regulated wetlands in site drawings, GRANTED as to Hillier's liability for defects in stormwater management plans, DENIED as to Hillier's liability for defects in E&S control plans, and DENIED as to Hillier's counterclaims for $300,000 in additional fees for redesign of the high school and value engineering after the "bid bust." Also in accordance with the foregoing, Hillier's motion for summary judgment is DENIED as to SWCSD's failure to mitigate damages, DENIED as to SWCSD's claim for additional costs for change orders resulting from defective design, GRANTED as to SWCSD's derivative claim to the extent it is based on an alleged liquidating agreement, and DENIED as to SWCSD's derivative claim to the extent it is based on common-law indemnification.

The Clerk of the Court is respectfully directed to terminate the pending motions. (Docs. 50, 58.)

---

[1] Neither party has objected to Judge Smith's conclusion that factual disputes preclude summary judgment on the common-law indemnification theory SWCSD does wish to pursue.

The parties are directed to contact Judge Smith's chambers to schedule a settlement conference.

**SO ORDERED.**

Dated: May __19__, 2010
      White Plains, New York

                                              CATHY SEIBEL, U.S.D.J.